IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| In Re: Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation | ) ) ) ) ) ) ) Civil Action No. 4:08-md-01907-ERW ALL CASES<br><br>Judge E. Richard Webber |

### PRELIMINARY APPROVAL ORDER

Diane Benya, Paul Bowen, Steven Joel Clark, Levitte Cruz, Brenda Gallardo, Tammy Gardner Coselli, Elida Gollomp, Caryn Hudspeth, Hans Kueck, Leonie Lloyd, Lisa Meacham, Debbie Millikan, Donita Lynn Robinson, Scott Ross, Jim Snell, April Subashe, Claire Theodore, Vicki Tysseling-Mattiace, Rachel VerNooy and Odelia Weiss ("Named Plaintiffs," and collectively with the members of the Settlement Class the "Settlement Class Members") and Aurora Dairy Corporation d/b/a Aurora Organic Dairy ("Aurora"), Costco Wholesale Corp. ("Costco"), Safeway Inc. ("Safeway"), Target Corp. ("Target"), Wal-Mart Stores, Inc. ("Wal-Mart"), and WFM-WO, Inc. f/k/a Wild Oats Markets, Inc. ("Wild Oats") (collectively, "Defendants," and together with the Settlement Class Members, the "Parties") have entered into a Class Action Settlement Agreement and Release dated September 7, 2012 (the "Settlement Agreement") to settle the above-captioned litigation ("Litigation") and have filed a Joint Motion for Entry of Preliminary Approval Order ("Motion"). The Settlement Agreement, together with its exhibits incorporated herein, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Litigation.

Having reviewed the Settlement Agreement and its exhibits, the Motion, the pleadings and other papers on file in this action, and statements of counsel, the Court finds that the Motion should be GRANTED and that this Preliminary Approval Order should be entered. Terms and

phrases used in this Preliminary Approval Order shall have the same meaning ascribed to them in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court preliminarily approves the Settlement Agreement subject to the Fairness Hearing for purposes of deciding whether to grant final approval to the settlement.

2. The Court conditionally certifies for settlement purposes only the following Settlement Class:

> All persons in the United States and/or the District of Columbia who purchased, for personal use and not for resale, organic milk, organic butter, organic cream and organic non-fat dry milk produced, processed, marketed and/or sold by Aurora Organic Dairy and its affiliates ("Milk Products"), including but not limited to the Milk Products sold under Aurora Organic Dairy's "High Meadow" brand, Costco's "Kirkland" brand, Safeway's "Safeway Select" and "O Organics" brands, Target's "Archer Farms" brand, Wal-Mart's "Great Value" brand, and Wild Oats' "Wild Oats" brand, on or before the Preliminary Approval Date.

Specifically excluded from the Settlement Class are the following persons:

> (i) Defendants and their respective subsidiaries and affiliates, employees, officers, directors, agents, and representatives and their family members;
>
> (ii) Class Counsel;
>
> (iii) The judges who have presided over the Litigation; and
>
> (iv) All persons who have timely elected to become Opt-Outs from the Settlement Class in accordance with the Court's Orders.

The Court expressly reserves the right to determine, should the occasion arise, whether Plaintiffs' proposed claims may be certified as a class action for purposes other than settlement, and Defendants hereby retain all rights to assert that Plaintiffs' proposed claims may not be certified as a class action except for settlement purposes.

3. The Court appoints the following attorneys to act as Settlement Class Counsel:

Don M. Downing
Gray Ritter & Graham, P.C.
701 Market Street, Suite 800
St. Louis, Missouri 63101
Telephone: (314) 241-5620
Facsimile: (314) 241-4140

Elizabeth A. Fegan
Hagens Berman Sobol & Shapiro LLP
1144 W. Lake Street, Suite 400
Oak Park, Illinois 60301
Telephone: (708) 628-4949
Facsimile: (708) 628-4960

4. The Court appoints Named Plaintiffs as representatives of the Settlement Class.

5. The Court finds that the proposed settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class. This determination permitting notice to the Settlement Class is not a final finding, but a determination that there is probable cause to submit the proposed Settlement Agreement to the Settlement Class Members and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

6. The Court appoints Gilardi & Co LLC ("Gilardi") as Claims Administrator in accordance with the provisions of Section XI of the Settlement Agreement.

7. The Court approves the Published Notice, the content of which is without material alteration from Exhibit B to the Settlement Agreement and directs that Published Notice be published in accordance with the provisions of the Settlement Agreement.

8. The Court approves the Official Notice, the content of which is without material alteration from Exhibit C to the Settlement Agreement, and directs that Official Notice be published in accordance with the provisions of the Settlement Agreement.

9. The Court approves the Claim Form, the content of which is without material alteration from Exhibit A to the Settlement Agreement, and directs that the Claim Form be available for request (either by letter, telephone, or email) from the Claims Administrator and downloadable from the Settlement Website as provided in Paragraph XI.E of the Settlement Agreement.

10. The Court approves the creation of the Settlement Website, as defined in Paragraph II.OO of the Settlement Agreement, that shall include, at a minimum, downloadable copies of the Official Notice, Published Notice, Claim Form, and Settlement Agreement, and shall be maintained in accordance with the provisions of Paragraph XI.E of the Settlement Agreement.

11. The Court finds that, taken together, the Published Notice and Official Notice (the "Class Notice" or "Settlement Class Notice Program") (i) are the best practicable notice, (ii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation and of their right to object or to exclude themselves from the proposed settlement, (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meet all applicable requirements of applicable law.

12. The Court orders the Claims Administrator to file proof of publication of the Published Notice and proof of maintenance of the Settlement Website at or before the Fairness Hearing.

13. The Court orders any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than ninety (90) days after the Notice Date, or as the Court may otherwise direct, to the Claims Administrator at the address on the Notice.

14. The Court enjoins all Settlement Class Members unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the

4

Litigation and/or the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.

15.    The Court orders that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

16.    The Court orders that each Settlement Class Member who is not an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the proposed Settlement or to the Attorneys' Fees and Expenses must file with the Court and serve on Class Counsel no later than ninety (90) days after the Notice Date, or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

    a.    The objector's full name, address, and telephone number;

    b.    A description of the Milk Products the objector purchased including to the extent possible the type, brand name and number of Units of Milk

        Products purchased, the price(s) paid, the date(s) and location(s) of the purchase(s), and the name(s) of the retail location(s) where the purchase(s) were made;

   c.    A copy of any Valid Proofs of Purchase of the items described in subparagraph 16(b);

   d.    A written statement of all grounds for the objection accompanied by any legal support for such objection;

   e.    Copies of any papers, briefs or other documents upon which the objection is based;

   f.    A statement of whether the objector intends to appear at the Fairness Hearing; and

   g.    If the objector intends to appear at the Fairness Hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing.

17.    Any response to an objection shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing.

18.    The Court orders that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the requirements of Paragraph 16 of this order shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

19.    The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement Agreement or to the proposed Settlement or to the Attorneys' Fees and Expenses will be at the Settlement Class Member's expense.

20. The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement or to the Attorneys' Fees and Expenses and who intends to make an appearance at the Fairness Hearing must provide to the Claims Administrator (who shall forward it to Class Counsel and Defense Counsel) and must file with the Clerk of the Court a notice of intention to appear no later than ninety (90) days after the Notice Date or as the Court may otherwise direct.

21. The Court orders that any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing must provide to the Claims Administrator (who shall forward it to Class Counsel and Defense Counsel) and must file with the Clerk of the Court a notice of intention to appear no later than ninety (90) days after the Notice Date or as the Court may otherwise direct.

22. The Court orders the Claims Administrator to establish a post office box in the name of the Claims Administrator to be used for receiving requests for exclusion, objections, notices of intention to appear and any other communications. The Court further orders that only the Claims Administrator, Class Counsel, Defense Counsel, Defendants, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

23. The Court orders that the Claims Administrator must promptly furnish Class Counsel and Defense Counsel with copies of any and all written requests for exclusion, notices of intention to appear or other communications that come into its possession, except as expressly provided in the Settlement Agreement.

24. The Court orders that Class Counsel shall file their applications for Attorneys' Fees and Expenses and Named Plaintiffs' Incentive Awards in accordance with the terms set forth in Section XIII of the Settlement Agreement.

25. The Court orders the Claims Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel no later than five (5) business days after the Opt-Out and Objection Date, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than three (3) business days thereafter or on such other date as the Parties may direct.

26. The Court orders that a Fairness Hearing shall be held on _February 28, 2013_ at _9:00 am_ before the undersigned to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment

27. The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Fairness Hearing or at any adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by the counsel for the Settlement Class and Defendants without further notice.

28. All pretrial proceedings in the Litigation are stayed and suspended until further order of this Court.

Dated: _September 14th_

_E. Richard Webber_
E. Richard Webber
U.S. District Judge