IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation | Civil Action No. 4:08-md-1907-ERW<br><br>ALL CASES |

**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND EXPENSES, AND SERVICE AWARDS TO CLASS REPRESENTATIVES**

On September 14, 2012, this Court entered an order preliminarily approving the Settlement Agreement between the parties in this litigation and conditionally certifying a settlement class. *See* Dkt. # 321. On February 26, 2013, the Court held a fairness hearing to consider Plaintiffs' Motion For Final Approval Of Class Settlement and Motion For Attorneys' Fees And Expenses and Service Awards To Class Representatives. Pursuant to the terms of the Settlement, Defendants have agreed that they do not oppose an award of attorneys' fees not to exceed a total of $2.5 million, plus actual out of pocket expenses. Settlement Agreement at Section XIII A. Defendants also do not oppose a service award to each named class representative of $5,000.00 each.

After review of Plaintiffs' Motion and Memorandum in Support of Motion For Attorneys' Fees, Expenses, and Service Awards, and consideration of all facts and arguments advanced, the Court hereby GRANTS Plaintiffs' Motion for Attorneys' Fees And Expenses, And Service Awards To Class Representatives.

The Court finds that the $2.5 million requested for attorneys' fees is fair and reasonable for a number of reasons. The subject of attorneys' fees was addressed by the parties only after they had already reached agreement on compensatory and injunctive relief terms, indicating a

1

lack of conflict or collusion, which also is unlikely given that the Settlement Agreement was reached only after multiple mediations monitored by Magistrate Judge Boyd N. Boland of the United States District Court for the District of Colorado and an independent mediator. In addition, the requested amount represents approximately 33.3% of the $7.5 million that Defendants have agreed to pay in settlement, which is essentially a fund from which attorneys' fees and costs can be paid pursuant to the well-recognized common benefit doctrine, and is in line with percentages awarded by other courts in similar cases as well as the percentage that counsel typically receive in non-class action cases under contingency fee agreements with their clients. The declarations submitted in support of the fee and expense request further establish that Plaintiffs' Counsel spent a combined 12,073.65 hours rendering services on behalf of the plaintiffs. Plaintiffs' Counsel also have provided the hourly rates charged by the attorneys and paralegals rendering services and have attested that these rates are the norm in the locales of their practices for counsel of comparable experience in similar complex litigation, which I find no reason to question. *See Stoneridge Investment Partners v. Charter Communications, Inc.*, 2005 U.S. Dist. LEXIS 14772, at *54 (E.D. Mo., June 30, 2005) (rate to be applied "is that which is normally charged in the community where the attorney practices."); *see also In re Genetically Modified Rice Litig.*, No. 4:06-md-01811-CDP, 2012 WL 6085141, at *3 (E.D. Mo. Dec. 6, 2012) (appropriate to rely on sworn declarations of counsel regarding hourly rates). When the number of hours spent by each attorney and paralegal is multiplied by his or her hourly rate, the lodestar amount is $5,215,978.74. The $2.5 million in fees requested is only 48% of the actual lodestar, which is strong indication that indeed the fee request is reasonable. Plaintiffs' Counsel also have incurred expenses in a total amount of $285,211.28, which also is supported by the declarations and is reasonable.

The Court also has considered the factors approved by the Eighth Circuit when reviewing

fee requests and find that these factors support the requested amount as well. *Wiles v. Southwestern Bell Telephone Co.,* No. 09–4236–CV–C–NKL, 2011 WL 2416291, at *4 (W.D. Mo. June 9, 2011) (citing *Allen v. Tobacco Superstore, Inc.,* 475 F.3d 931 (8th Cir.2007), *relying on Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974)). Not every factor is applicable and the court has discretion regarding which factors it applies and the relative weight given to each factor. *In re Xcel Energy, Inc.,* 364 F. Supp.2d 980, 993 (D. Minn. 2005) (citing *Uselton v. Commercial Lovelace Motor Freight, Inc.,* 9 F.3d 849, 854 (10th Cir. 1993) (noting that "rarely are all of the *Johnson* factors applicable; this is particularly so in a common fund situation."). Plaintiffs' Counsel include highly experienced, well-regarded attorneys, many of whom have national practices and exceptional expertise in complex litigation. Opposing counsel in this case also were able and tenacious in pressing defenses on behalf of the defendants. This litigation has been ongoing for over five years and at all times been a hard-fought proceeding. Plaintiffs' claims have been subject to multiple defenses that were vigorously advocated by defense counsel, and advocated successfully before me at least on the issue of preemption, resulting in my order dismissing all of Plaintiffs' claims. Only by perseverance and argument to the Eighth Circuit were Class Counsel able to continue this litigation and arrive at a settlement for the benefit of all class members. This case also was pursued on a contingency fee basis by all Plaintiffs' Counsel, at considerable risk of nonpayment given the numerous factual and legal defenses making liability and consequent payment uncertain. Particularly in light of the significant risks of litigation in this case, the settlement is a favorable one for the class, providing not only monetary but injunctive relief of value to the class members.

The Court also finds that a service award in the amount of $5,000 for each of the named class representatives is appropriate. The amount to each representative is quite modest and reasonable in view of their participation and assistance in the litigation. *See In re U.S. Bancorp*

3

*Litig.*, 291 F.3d 1035, 1037 (8th Cir. 2002) (approving incentive awards of $2,000 to five representative plaintiffs); *In re Aquila ERISA Litig.*, No. 04-00865-CV-DW, 2007 WL 4244994, at *3 (W.D. Mo. Nov. 29, 2007) (awarding incentive awards of between $5,000 and $25,000 for named plaintiffs who "rendered valuable service to the Plan and all Plan Participants. Without this participation, there would have been no case and no settlement.").

The Court hereby approves the amount of $2.5 million for attorneys' fees, plus expenses in the amount of $285,211.28, as well as $5,000 as a service award to each of the twenty named class representatives, all to be paid in accordance with the terms of the Settlement Agreement. The $2.5 million is to be distributed by Class Counsel in their discretion according to the relative contribution of work performed by each firm, for the benefit of all plaintiffs. *See, e.g., Longden v. Sunderman*, 979 F.2d 1095, 1101 (5th Cir. 1992) ("The district court acted well within its discretion in awarding an aggregate sum to [class counsel] that was based on their collective efforts, leaving apportionment of that sum up to the [class counsel]"); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 216, 223 (2d Cir. 1987) ("There is authority for a court, under certain circumstances, to award a lump sum fee to class counsel under the equitable fund action under the lodestar approach and then to permit counsel to divide this lodestar-based fee among themselves under the terms of a private fee sharing agreement."); *In re Pre-Filled Propane Tank Marketing & Sales Practices Lit.*, MDL No. 2086, Master Case No. 09-02086, Order dated May 31, 2012 (Dkt. # 289) (W.D. Mo. May 31, 2012) ("The Court also orders Class Counsel [to] allocate the $7,250,000 award of attorneys' fees among themselves according to their own agreement and among other additional counsel for Plaintiffs in Class Counsel's discretion."). The expenses are to be distributed by Class Counsel in accordance with the reasonable and actual expenses incurred by each firm as also determined by Class Counsel.

Without affecting the finality of this Order, the Court retains jurisdiction to consider all

4

further matters arising out of or in connection with the enforcement of this Order, enforcement of the Settlement Agreement, and distribution of the Settlement Fund.

IT IS SO ORDERED

Dated: February 26, 2013

By: _____
E. Richard Webber
UNITED STATES DISTRICT JUDGE