IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation | Civil Action No. 4:08-md-1907-ERW<br><br>ALL CASES |

## FINAL ORDER AND JUDGMENT

This matter, having come before the Court on Plaintiffs' Motion for Final Approval, the Court after conducting a fairness hearing, considering all arguments in support of and/or in opposition to the Settlement Agreement, finds and/or orders the following:

1. The Court has personal jurisdiction over the Named Plaintiffs and all members of the Settlement Class.[1] This Court also determines that it possesses subject matter jurisdiction to approve the Settlement and Agreement and all Exhibits thereto.

2. The Court certifies the following Settlement Class solely for purposes of this Settlement, finding that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied:

> All persons in the United States and/or the District of Columbia who purchased, for personal use and not for resale, organic milk, organic butter, organic cream and organic non-fat dry milk produced, processed, marketed and/or sold by Aurora Organic Dairy and its affiliates ("Milk Products"), including but not limited to the Milk Products sold under Aurora Organic Dairy's "High Meadow" brand, Costco's "Kirkland" brand, Safeway's "Safeway Select" and "O Organics" brands, Target's "Archer Farms" brand, Wal-Mart's "Great Value" brand, and Wild Oats' "Wild Oats" brand, on or before the Preliminary Approval Date.

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement (Dkt. 316-1).

1

Specifically excluded from the Settlement Class are the following persons: (i) Defendants and their respective subsidiaries and affiliates, employees, officers, directors, agents, and representatives and their family members; (ii) Class Counsel; (iii) The judges who have presided over the Litigation; and (iv) All persons who have timely elected to become Opt-Outs from the Settlement Class in accordance with the Court's Orders.[2]

3. Regarding the Rule 23(a) requirements, the Court finds that each requirement is satisfied here:

    a. First, the Court finds that Rule 23(a)(1) is met here, which requires that the proposed class be 'so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1)). While there is no numerical requirement for satisfying numerosity, thousands of persons have purchased the Milk Products and have already submitted claims under the Settlement. Moreover, there are twenty Named Plaintiffs. *See Arkansas Educ. Ass'n v. Board of Educ.*, 446 F.2d 763, 765-66 (8th Cir. 1971) (finding twenty class members sufficiently numerous).

    b. Second, the Court also finds the commonality requirement of Rule 23(a)(2) is met, which requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23 (a)(2). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and that the claims arising from that injury depend on a "common contention … of such a nature that it is capable of classwide

---

[2] The Court notes that Defendants have reserved all rights, claims and defenses they may have in the event the Final Order and Judgment do not become Final, including but not limited to Defendants' objection that a class cannot be certified in this Litigation under Fed. R. Civ. P. 23 except for settlement purposes only. The Court reserves judgment in these matters.

2

        resolution." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2551 (2011). Here, all Class Members purchased Milk Products alleged to be produced using methods different than those represented and, thus, suffered the same alleged injury. Central questions of fact and law common to all Class Members include: (1) whether Defendants misrepresented or failed to disclose the true production practices to Plaintiffs; (2) whether Defendants had a duty to disclose the material facts to Plaintiffs and the members of the Class; (3) whether Defendants violated state consumer protection statutes; (4) whether Defendants' conduct constituted a breach of the implied warranty of merchantability; (5) whether Defendants were unjustly enriched by their wrongful conduct; and (6) the nature and extent of the Class Members' damages as a result of Defendants' actions.

c.    Third, the Court finds Rule 23(a)(3)'s typicality requirement is met, which requires that "the claims … of the representative parties are typical of the claims … of the class …" Fed. R. Civ. P. 23 (a)(3). The Court finds this requirement has been met here as the Named Plaintiffs' claims arise from the same course of events: their purchase of the Milk Products allegedly not produced in the manner in which Defendants represented. Named Plaintiffs' interests are co-extensive with those of the Class, since every Class Member claims injury resulting from the same alleged misconduct.

d.    Finally, adequacy examines whether the Named Plaintiffs and attorneys "will fairly and adequately protect the interests of the class." Fed. R. Civ.

P. 23 (a)(4). The requirements of Rule 23(a)(4) are satisfied here. There is no indication that Plaintiffs' interests are antagonistic to those of the class or that the claims were not vigorously pursued. Furthermore, Settlement Class Counsel have significant experience in prosecuting class actions and complex cases. As a result, each Rule 23(a) prerequisite has been met.

4. The Court also finds that the proposed Class meets the requirements of Rule 23(b)(3):

    a. Rule 23(b)(3) "provides that a class action may be maintained if the court finds the questions of law or fact common to members of the class predominate over the questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the dispute." *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005). This requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005) (quotation omitted). Here, all Class Members share a common legal grievance arising from Defendants' marketing and selling the Milk Products which were allegedly not produced in the manner in which Defendants represented. Common legal and factual questions – including the question of whether a reasonable consumer would have been deceived by Defendants' alleged misrepresentations and omissions – are central to all Class Members' claims and predominate over any individual questions that may exist.

4

    b.    Resolution of these common legal claims through a class-wide settlement and claims process is also a superior way to proceed. Rule 23(b)(3) lists four factors for courts to consider in determining whether a class action is superior, and each of these factors supports a class-wide resolution. *See* Fed. R. Civ. P. 23(b)(3)(A)-(D) ("(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.").

        i.    First, Class Members have little interest in individually controlling separate lawsuits and settlement given the relatively small individual economic injuries involved, and those who do may choose to opt out of the Settlement.

        ii.    Second, it appears that no individual Class Members have chosen to commence litigation concerning this controversy except through class litigation, further suggesting that a collective action is indeed the superior method of recovery.

        iii.    Third, there will be no difficulties in managing a class-wide trial, "for the proposal is that there be no trial." *Amchem Prods. v. Windsor,* 521 U.S. 591, 620 (1997).

5.    The Court grants final approval to the Settlement and Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements

5

of due process and applicable law, as to and in the best interests of all Parties. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

6. Under Rule 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). And, "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "The law strongly favors settlements. Courts should hospitably receive them ... As a practical matter, a remedy that everyone agrees to is a lot more likely to succeed than one to which the defendants must be dragged kicking and screaming." *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990).

7. The law for evaluating the fairness of a class action settlement is well-established in this Circuit. As the Eighth Circuit clearly explained in *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*:

> A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *Grunin*, 513 F.2d at 124 (citations omitted); *see also Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).

396 F.3d 922, 932 (8th Cir. 2005). While this Court should reach "well-reasoned conclusions," the Eighth Circuit explains the Court "need not make a detailed investigation consonant with trying the case." *Id.* at 932-33 (quoting *Van Horn*, 840 F.2d at 607 (citations omitted)). Moreover, "judges should not substitute their own judgment as to optimal settlement terms for

6

the judgment of the litigants and their counsel." *Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999).

8. A review of the Eighth Circuit's factors calls for approval of the Settlement as fair, reasonable, and adequate:

> a. The first factor weighs the merits of Plaintiffs' case against the terms of the settlement. *In re Wireless Tel.*, 396 F.3d at 932. Through the initial dismissal of this matter by this Court, the briefing before the Eighth Circuit, and the discovery conducted upon remand, Plaintiffs developed a comprehensive assessment of the various issues in this case. Moreover, the Eighth Circuit limited the claims that Plaintiffs could pursue upon remand. And, even if litigation classes were certified, the risk of losing on the merits would remain, whether at summary judgment or trial. Under these circumstances, the Settlement negotiated by Settlement Class Counsel is reasonable, providing monetary and injunctive relief to the Class Members without having to bear the risks associated with further litigation, trial and appeal. The relief obtained here, when weighed against the complexities and uncertainties of the litigation and the certainty of lengthy litigation in the absence of a settlement, support the conclusion that the Settlement is fair, reasonable, and adequate.
>
> b. The second factor for the Court's consideration relates to Defendants' financial condition. *See In re Wireless Tel.*, 396 F.3d at 932. There is no evidence in the record calling Defendants' financial condition into question. Thus, at best, this factor is neutral.

    c.    The third factor, the complexity and expense of further litigation, weighs heavily in favor of the Settlement here. *See In re Wireless Tel.,* 396 F.3d at 932. By reaching a favorable Settlement, Plaintiffs have avoided further significant delay and ensured a recovery to the Settlement Class. Defendants have alleged numerous legal and factual defenses to Plaintiffs' claims that will require full discovery and further briefing. In the absence of this Settlement, the Parties will need to engage in significant additional discovery, including numerous depositions and pre-trial work. Class certification, expert discovery, summary judgment motions are just a few of the matters that will have to be litigated, in addition to a trial and likely appeals, without this Settlement. Significant additional work would be necessary if the case were to proceed to trial. A trial on the merits would entail considerable expense, including numerous experts, pre-trial motions, thousands more hours of attorney time, and given the right to appeal, trial would not necessarily end the litigation.

    d.    The final factor for the Court's consideration involves weighing the reaction to the settlement. *See In re Wireless Tel.*, 396 F.3d at 932. Here, there has been wide dissemination of pertinent information about this Settlement. To date, the Class' reaction has been highly encouraging. Further, while Defendants issued notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, none of the recipients of CAFA notice have objected to the Settlement, further weighing this factor in favor of final approval.

9. The Settlement Agreement and this Final Order and Judgment are binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release (as set forth in Paragraph XVI.B of the Settlement) maintained by or on behalf of the Named Plaintiffs and all other Settlement Class Members, as well as their agents, heirs, executors or administrators, successors and assigns.

10. The Settlement Class Notice Program implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief, (iii) constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and (iv) met all applicable requirements of due process and any other applicable law.

11. The Court approves the Claim Form that was distributed to Settlement Class Members, the content of which was without material alteration from Exhibit A to the Settlement Agreement.

12. The Court finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Agreement.

13. The Court appoints Katie Lindquist as Monitor for purpose of monitoring Aurora Organic Dairy's compliance with the Stipulated Injunction, in compliance with the terms of the Monitor Agreement. The Court further approves the Monitoring Costs of $15,000, to be paid in three installments in accordance with the Monitor Agreement and which shall be paid from the

Settlement Account and will be segregated by the Claims Administrator for payment as it becomes due.

14. If amounts remain in the Settlement Account following the payment of all Settlement Costs, including Cash Awards, Monitoring Costs, Notice and Administration Costs, Attorneys' Fees and Expenses, Service Awards, and Taxes, the remaining amounts (the "Charitable Contribution Amount") shall be distributed *cy pres* as follows: 50 percent of the Charitable Contribution Amount shall be distributed in a *cy pres* payment to Consumers Union and 50 percent of the Charitable Contribution Amount shall be distributed in a *cy pres* payment to Organic Farming Research Foundation. The Court further determines that the selection of each organization to receive any unclaimed funds, with their missions nationwide in scope, will ensure that the distribution of remaining money from the Settlement Account will be for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of Class Members, and the interests of those similarly situated.

15. The Court dismisses this lawsuit (including all of the underlying suits transferred to the Court by the Judicial Panel on Multidistrict Litigation and all individual and class claims presented thereby) on the merits and with prejudice and without fees or costs except as provided herein or any other Order entered by the Court, in accordance with the terms of this Final Order and Judgment.

16. Within one week after the Effective Date, any other lawsuit not pending before the Court will be dismissed by Class Counsel with prejudice without fees or costs except as provided herein.

17.     The Named Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against Defendants and the Released Persons.

18.     Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over the Claims Administrator, the Monitor, Defendants, the Named Plaintiffs and the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement and Final Order and Judgment, the Stipulated Injunction, and for any other necessary purposes.

19.     Upon the Effective Date, the Named Plaintiffs and all Settlement Class Members who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against Defendants and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendants and all Released Persons.

20.     The Court determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendants or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement as may be necessary to effectuate the Settlement.

21.     This Final Judgment and Order bars and permanently enjoins all Settlement Class Members who have not been properly excluded from the Settlement Class from (i) filing,

11

commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, and (ii) organizing Settlement Class Members who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

22. The Court approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and judgment except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period.

23. The Parties, without further approval from the Court, are authorized to agree to and adopt such amendments, modifications and expansions of the Settlement and all Exhibits thereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Parties or Settlement Class Members.

IT IS SO ORDERED

Dated: *February 26, 2013*       By: *E. Richard Webber*
E. Richard Webber
UNITED STATES DISTRICT JUDGE